IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG DIVISION

LUCAS R. ZARLENGO,

    Plaintiff,

v.                                                               **Civil Action No.**  3:13-cv-98 (Groh)

                                                                **Jury Trial Demand**

CAZ & ASSOCIATE, INC.                     Electronically Filed August 29, 2013
d/b/a HILLBROOK INN & SPA,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Lucas R. Zarlengo and files his complaint against the above-named Defendant on the following grounds:

### INTRODUCTION

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination on the basis of gender.

### JURISDICTION

2.     Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq.

3.     Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

4. This Court has personal jurisdiction over Defendant CAZ & Associate, Inc. doing business as Hillbrook Inn & Spa (hereinafter referred to as "Hillbrook"). Defendant Hillbrook is a West Virginia corporation. At all times relevant, Defendant Hillbrook operated its business within the State of West Virginia.

## VENUE

5. Defendant operates its business in Charles Town, West Virginia, which is located within the Northern District of West Virginia. All actions by Defendant alleged herein occurred within the Northern District of West Virginia. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

## THE PARTIES

6. The Plaintiff is male resident of Jefferson County, West Virginia. Plaintiff was previously an employee of the Defendant, until his employment was terminated. Such termination forms the basis for this complaint.

7. Defendant Hillbrook is a West Virginia corporation doing business in the Northern District of the State of West Virginia and is subject to the jurisdiction of this Court. Defendant Hillbrook may be served with summons and process by service upon its registered agent, Christopher Zanella at 23 Gateway Circle, Charles Town, Jefferson County, West Virginia 25414.

## FACTS

8. Defendant is in the hospitality business and operates the Hillbrook Inn and Spa located at 4490 Summit Point Road, Charles Town, West Virginia 25414.

9. In or about November, 2010, the Plaintiff began his employment with Defendant as a Massage Therapist. Plaintiff's job title was later changed to Spa Technician. Plaintiff's

responsibilities included providing therapeutic massage for Defendant's customers. Having specialized training and certification(s), Plaintiff also continually advised Defendant on best practices for the establishment and operation of a spa.

10. Subsequent to Plaintiff's initial employment, Defendant hired at least two additional Spa Technicians, both of whom were female.

11. The female Spa Technicians were frequently assigned more customers even though the Plaintiff was available to do the work and was able to offer more services as a result of his greater qualifications and training.

12. On or about May 20, 2012, Plaintiff's employment with the Defendant terminated when the Defendant informed Plaintiff that his services would no longer be required.

13. Plaintiff was paid by the Defendant based primarily upon the number and type of therapeutic massage services provided. Assigning more work to the female spa technicians, even though the Plaintiff was available and better qualified to provide the services requested in many instances, resulted in considerable harm to the Plaintiff.

14. The Plaintiff was treated differently than similarly-situated employees by Defendant in the terms and conditions of his employment because of his gender.

## COUNT ONE: TITLE VII - GENDER

15. Plaintiff incorporates herein paragraphs 1 through 14 of his Complaint.

16. Defendant has engaged in intentional gender discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

17. Defendant's conduct violates Title VII.

18. On or about July 30, 2012, the Plaintiff filed an intake questionnaire with the U.S. Equal Employment Opportunity Commission (EEOC), in which he reported the specifics of his complaint against the Defendant.

19. On or about August 17, 2012, the Plaintiff completed the required Charge of Discrimination (EEOC Form 5), which was received by the EEOC on August 22, 2012. In it, Plaintiff alleged employment discrimination based on gender.

20. On or about May 30, 2013, the EEOC issued to the Plaintiff EEOC Form 161, "Dismissal and Notice of Rights" in charge number 533-2012-01069. The EEOC issued the following determination: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

21. The letter accompanying the EEOC's dismissal notice, signed by John A. Wozniak, Investigator, stated that "[r]espondent's Bone (sic) Fide Occupational Qualification (BFOQ) exemption/exception asserted trumps your argument and rationale." Said letter is attached hereto as Exhibit A.

22. The EEOC's reliance on a gender-based BFOQ argument was in error and inconsistent with findings in other similar cases.

28. The Plaintiff has satisfied all statutory prerequisites for filing this action.

29. A true and accurate copy of the EEOC Dismissal and Notice of Rights, Charge No. 533-2012-01069, is attached hereto as Exhibit B.

28. The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of his "Notice of Suit Rights" letter from the EEOC.

4

29. Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

30. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

31. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a.

PRAYER FOR RELIEF

32. WHEREFORE, the Plaintiff prays for a judgment as follows:

a. That the Court order Defendant to reinstate Plaintiff's employment, or secure comparable employment for the Plaintiff with another employer;

b. That the Court grant full front pay to the Plaintiff;

c. That the Court grant full back pay to the Plaintiff;

d. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendants' conduct;

e. That the Court grant Plaintiff punitive damages for Defendants' malicious and recklessly indifferent conduct;

f. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

g. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to title VII, and/or 42 U.S.C. § 1988;

h. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

   i.  That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendants from engaging in further discriminatory conduct.

Respectfully submitted this 28th day of August 2013.

                LAW OFFICE OF BRETT OFFUTT

                /s/ Steven Brett Offutt .
                Steven Brett Offutt
                Counsel for Plaintiff
                WVSB #11271

Steven Brett Offutt
Law Office of Brett Offutt
PO Box 1244
Harpers Ferry, WV 25414
304-268-1485
304-724-6706 (fax)
brett@wvoffuttlaw.com